# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTOINE DREW a/k/a DREW HAKIM AL-AKH AKHBAR, | ) ) | Civil Action No. 2:18-cv-01452 |
| Plaintiff, | ) ) ) | Chief United States Magistrate Judge Cynthia Reed Eddy |
| v. | ) ) | |
| WARDEN JOHN WALTON, et al., | ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER[1]

Pending before the Court is Defendants' Motion to Dismiss (ECF No. 28), to which Plaintiff has responded in opposition. (ECF Nos. 33, 34). For the reasons that follow, the motion will be denied.

Defendants argue that, whatever the merits of Plaintiff's claims, the Complaint should be dismissed because Plaintiff failed to exhaust administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), which provides in relevant part as follows:

> No action shall be brought with respect to prison conditions under [42 U.S.C. §] 1982, or any other Federal law, by a prisoner confined in any jail, prison, or correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), all parties who have been identified have been served and have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including trial and entry of judgment. See ECF Nos. 32 and 38.

1

Initially, the Court notes that "[f]ailure to exhaust is an affirmative defense the defendant must plead and prove; it is not a pleading requirement for the prisoner-plaintiff." *Small v. Camden Cty.*, 728 F.3d 265, 268 (3d Cir. 2013) (emphasis added) (citing *Jones v. Bock*, 49 U.S. 199, 212, 216-17 (2007)). Accordingly, when failure to exhaust is raised as the basis for a motion to dismiss, dismissal is appropriate only where the failure to exhaust is "apparent from the complaint or other documents before the [Court]." *Ray v. Kertes*, 285 F.3d 287, 297 (3d Cir. 2002).

"[T]o properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock*, 549 U.S. 199, 218 (2007) (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). The PLRA, however, "requires only 'proper exhaustion,' meaning exhaustion of those administrative remedies that are 'available'." *Rinaldi v. United States*, 904 F.3d 257, 266 (3d Cir. 2018) (quoting *Woodford*, 548 U.S. at 93). "Available means capable of use; at hand." *Small*, 728 F.3d at 271 (internal citations and quotation marks omitted). "Although the availability of administrative remedies to a prisoner is a question of law, it necessarily involves a factual inquiry." *Id*.

Defendants argue that because "Plaintiff does not indicate anywhere in his Amended Complaint that he ever filed a Grievance to address any of his concerns while he was an inmate at the Westmoreland County Detention Center," the entire Complaint should be dismissed. Defs' Br. at 3 (ECF No. 29). At this stage, Defendants' argument is unavailing because exhaustion "requires only . . . exhaustion of those administrative remedies that are 'available'," *Rinaldi*, 604 F.3d at 266, and as stated previously, "[f]ailure to exhaust is an affirmative defense the defendant must plead and prove; it is not a pleading requirement for the prisoner-plaintiff."

*Small,* 728 F.3d at 268.  Plaintiff argues that administrative remedies were not available to him (which is consistent with the allegations of the Complaint wherein he also indicates that administrative remedies were not available to him).  *See Ross v. Blake*, -- U.S. --, 136 S.Ct. 1850, 1860 (2016) (holding an administrative remedy is unavailable "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation"); *Shifflett v. Korszniak*, No. 17-2676, -- F.3d ---, 2019 WL 3772104, *6 (3d Cir. Aug. 12, 2019) (holding that "as soon as a prison fails to respond to a properly submitted grievance or appeal within the time limits prescribed by its own policies, it has made its administrative remedies unavailable . . ."); *Small*, 728 F.3d at 273 (same). Defendants offer no response to the argument that the prison's administrative remedies were not, in fact, "available" to Plaintiff.  Thus, the motion to dismiss the Complaint on the ground that Plaintiff failed to exhaust his administrative remedies before filing suit will be denied.

**AND NOW**, this 23rd day of August, 2019, it is hereby **ORDERED** that Defendant's Motion to Dismiss is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants shall file a responsive pleading in accordance with Federal Rule of Civil Procedure 12(a)(4)(a).

s/Cynthia Reed Eddy  
Cynthia Reed Eddy  
Chief United States Magistrate Judge

cc: ANTOINE DREW
1164-2018
Westmoreland County Prison
3000 South Grande Blvd.
Greensburg, PA 15601
(via U.S. First Class Mail)

David A. Regoli, Esquire
(via ECF electronic notification)